Rights Appeal Board, dated February 8, 1982, unanimously confirmed, without costs and without disbursements, and the motion to strike the brief and supplemental record granted, without costs and without disbursements. No opinion. Concur — Murphy, P. J., Kupferman, Sandler, Markewich and Milonas, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM PORTELA, Appellant. — Judgment, Supreme Court, Bronx County (Warner, J.), rendered on December 5, 1980, unanimously affirmed. The case is remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Sullivan, J. P., Ross, Silverman, Bloom and Alexander, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINFORD BANER, Appellant. — Judgment, Supreme Court, Bronx County (Warner, J.), rendered on December 5, 1980, unanimously affirmed. The case is remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Sullivan, J. P., Ross, Silverman, Bloom and Alexander, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVADOR ALICEA, Appellant. — Judgment, Supreme Court, Bronx County (DiFede, J.), rendered on October 21, 1981, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur — Kupferman, J. P., Sullivan, Markewich, Lynch and Kassal, JJ.

■ LAUREN WOOD, Respondent, v RONALD WOOD, Appellant. — Order, Supreme Court, New York County (Gomez, J.), entered October 29, 1981, which granted plaintiff's motion to dismiss defendant's action for divorce and denied defendant's cross motion for consolidation, unanimously reversed, on the law, without costs, to deny plaintiff's motion to dismiss and grant defendant's cross motion for consolidation. Plaintiff wife brought an action for divorce against her husband on June 24, 1980. Defendant brought a separate action for divorce on March 16, 1981 seeking, *inter alia*, equitable distribution of the marital property under part B of section 236 of the Domestic Relations Law, which applies to matrimonial actions commenced on or after July 19, 1980. Plaintiff moved to dismiss defendant's complaint on the ground that there was another action pending for the same cause. The court granted the motion, holding that "[a] party cannot bring a matrimonial action under the new law to circumvent the prospective application of the equitable distribution law." We disagree, and accordingly reverse. The Appellate Division, Second Department, recently addressed a similar issue, but one with a crucial difference, in *Valladares v Valladares* (80 AD2d 244). In that case the defendant had interposed a *counterclaim* for divorce after July 19, 1980, in a divorce action which had been commenced prior to that date. The court held that the defendant wife in *Valladares* could not seek equitable distribution because the determinative time for purposes of the application of part B of section 236 of the Domestic Relations Law is not when the counterclaim was interposed, but when the action in which it was interposed was commenced, and the Court of Appeals affirmed on that ground *(Valladares v Valladares, 55 NY2d 388)*. The Appellate Division went on to state in dictum (pp 256, 257) that "Mrs. Valladares may only come within the ambit of part B of section 236 if she commences a separate action on her claim" and that "where there are two matrimonial actions pending, one commenced before July 19, 1980 and the other com-